UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY D. HARDMAN, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM R. HYATTE, et al., <br><br> Defendants. | CAUSE NO.: 3:19-CV-339-RLM-MGG |

OPINION AND ORDER

Jerry D. Hardman, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 against thirteen defendants because his recreation privileges were restricted while he was housed at the Miami Correctional Facility. ECF 1. The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. A *pro se* complaint must be liberally construed "however inartfully pleaded." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Hardman alleges that his access to recreation was restricted in violation of prison policies and the Constitution. He says he was restricted to indoor recreational facilities and was denied all outdoor recreation between October 8, 2018, and December 11, 2018. (ECF 1 at 3.) Elsewhere in the complaint, Mr. Hardman suggests that he was also denied indoor recreation. (ECF 1 at 5, noting that his "recreational abilities were forfeited from indoor recreation" during this same time period.)

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008). However, "the Constitution does not mandate comfortable prisons," and conditions that may seem "restrictive" or "even harsh" are "part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347-349 (1981). While the nature of the restrictions imposed upon Mr. Hardman aren't entirely clear, he doesn't seem to allege that he was deprived of all physical activity. A total lack of exercise would state a claim when "movement is denied and muscles are allowed to atrophy," French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985), but the denial of "desirable, entertaining diversions . . . [do] not raise a constitutional issue," Harris v. Fleming, 839 F.2d 1232, 1236 (7th Cir. 1988).

> Recreation and the ability to obtain physical exercise have been properly recognized as important human needs. See, *e.g., Davenport v. DeRobertis,* 844 F.2d 1310, 1315–16 (7th Cir.1988). However, there is no constitutional right to a specific form of recreation. Rather, only the objective harm that *can* result from a significant deprivation of movement implicates the Eighth Amendment. *French v. Owens,* 777 F.2d 1250, 1255 (7th Cir.1985) (the Eighth Amendment is implicated where a denial of exercise causes the muscles to atrophy and threatens the health of the individual).

Douglas v. DeBruyn, 936 F. Supp. 572, 578 (S.D. Ind. 1996). So an allegation that Mr. Hardiman was denied access to recreation time does not state a claim on which relief can be granted. That the restrictions placed on Mr. Hardman violated the prison's policy does not state a claim on which relief can be granted in federal court. Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.").

Though this complaint doesn't state a claim, and while it seems unlikely that Mr. Hardman would be able to state a claim, it's not possible to definitively say that he could not do so, so the court will give him time to file an amended complaint. *See* Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form and send it to Jerry D. Hardman; and

(2) GRANTS Mr. Hardman to and including **August 9, 2019**, to file an amended complaint.

If Mr. Hardiman doesn't tender an amended complaint by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on July 15, 2019

s/ Robert L. Miller, Jr.<br>
JUDGE<br>
UNITED STATES DISTRICT COURT