UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY D. HARDMAN,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>WILLIAM R. HYATTE, et al.,<br><br>　　　　Defendants. | CAUSE NO. 3:19-CV-339-RLM-MGG |

OPINION AND ORDER

Jerry D. Hardman, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 against thirteen defendants because his recreation privileges were restricted while he was housed at the Miami Correctional Facility. The court screened the complaint and decided that it didn't state a claim because Mr. Hardman didn't have a constitutional right to participate in the prison's recreational activities. The court gave him a chance to file an amended complaint. He has now done so.

Pursuant to 28 U.S.C. § 1915A, the court must review the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. Nevertheless, a *pro se* complaint must be liberally construed "however inartfully pleaded." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

In his amended complaint, Mr. Hardman is suing the same thirteen defendants he named in his original complaint and alleges his Eighth Amendment right to be free from cruel and unusual punishment was violated because prison officials restricted his access to recreation. He also asserts his restricted access to recreation violated prison policy. In particular, he says he was restricted to indoor recreation and was denied all outdoor recreation between October 8, 2018, and December 11, 2018. At one point in his amended complaint, Mr. Hardman also seems to suggest that he was denied indoor recreation because his "recreational abilities were forfeited from receiving indoor recreation" during this same time period; these are the same allegations that Mr. Hardman set forth in his original complaint. The court screened his original complaint and found these allegations were insufficient to state an Eighth Amendment claim and his alleged violations of prison policies entailed state law violations that couldn't be remedied in federal court. The court reasoned:

> The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008). However, "the Constitution does not mandate comfortable prisons," and conditions that may seem "restrictive" or "even harsh" are "part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347-349 (1981). While the nature of the restrictions imposed upon Mr. Hardman aren't

entirely clear, he doesn't seem to allege that he was deprived of all physical activity. A total lack of exercise would state a claim when "movement is denied and muscles are allowed to atrophy," French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985), but the denial of "desirable, entertaining diversions . . . [do] not raise a constitutional issue," Harris v. Fleming, 839 F.2d 1232, 1236 (7th Cir. 1988).

> Recreation and the ability to obtain physical exercise have been properly recognized as important human needs. See, *e.g., Davenport v. DeRobertis,* 844 F.2d 1310, 1315–16 (7th Cir.1988). However, there is no constitutional right to a specific form of recreation. Rather, only the objective harm that *can* result from a significant deprivation of movement implicates the Eighth Amendment. *French v. Owens,* 777 F.2d 1250, 1255 (7th Cir.1985) (the Eighth Amendment is implicated where a denial of exercise causes the muscles to atrophy and threatens the health of the individual).

Douglas v. DeBruyn, 936 F. Supp. 572, 578 (S.D. Ind. 1996). So an allegation that Mr. Hardman was denied access to recreation time does not state a claim on which relief can be granted. That the restrictions placed on Mr. Hardman violated the prison's policy does not state a claim on which relief can be granted in federal court. Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.").

(*Id.* at 2-3.) Mr. Hardman can't proceed on his alleged Eighth Amendment claim.

Mr. Hardman's amended complaint, appears to assert an equal protection claim because he believes he should have been "equally protected against any cruel and unusual punishment that all other offenders [were not] being subject[ed] to" and the "punishment he received while housed in the restrictive housing unit wasn't the treatment that other offenders were forced to survive under." Because Mr. Hardman doesn't suggest that the defendants targeted him

due to his membership in a suspect class, rational basis review applies. See Flynn v. Thatcher, 819 F.3d 990, 991 (7th Cir. 2016). "Prison classifications are presumed to be rational and will be upheld if any justification for them can be conceived." Id. To uphold governmental conduct under rational basis review, the court "need only find a reasonably conceivable state of facts that could provide a rational basis for the classification." Indiana Petroleum Marketers & Convenience Store Ass'n v. Cook, 808 F.3d 318, 322 (7th Cir. 2015).

Mr. Hardman says Investigator Charles Whelan and the prison's Department of Internal Investigations placed him in the restrictive housing unit. (ECF 7 at 3.) He says Investigator McGee also told him that his phone and Jpay account access had been suspended and a memo was placed in the control room of the unit stating that he couldn't use his phone or access his Jpay account, and he was restricted to indoor recreation. (*Id.*) While Mr. Hardman claims these actions were taken for "unknown reasons" the facts in this case indicate he was the subject of an internal prison investigation. As a result, there was a rational basis for limiting his access to his phone, Jpay account, and recreation, and classifying him differently than other inmates in the restrictive housing unit. Therefore, he can't proceed on his alleged Equal Protection claim.

A court ordinarily should afford a *pro se* litigant an opportunity to cure his defective pleadings. Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018); Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). But the court isn't required to grant leave to amend if amendment would be futile. Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion

4

to deny leave to amend where . . . the amendment would be futile."). This complaint represents Mr. Hardman's second attempt to state his claims, and the court previously pointed out the problems with his original complaint in a detailed screening order. The amended complaint suffers from the same basic deficiencies as the original. And his alleged equal protection claim is also defective. Under these circumstances, the court finds no basis to conclude that, if given another opportunity, Mr. Hardman could state a viable claim, consistent with the allegations he has already made.

For these reasons, the court:

(1) GRANTS Plaintiff's motion titled "Motion for the Court to Conduct Screening of Amended Complaint" (ECF 8);

(2) DISMISSES this case pursuant to 28 U.S.C. § 1915A because the amended complaint does not state a claim; and

(3) DIRECTS the clerk to close the case.

SO ORDERED on August 10, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
