UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERRY D. HARDMAN, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-339-RLM-MGG |
| WILLIAM R. HYATTE, et al., | |
| Defendants. | |

OPINION AND ORDER

Jerry D. Hardman, a prisoner without a lawyer, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. ECF 1. On August 10, the court dismissed Mr. Hardman's amended complaint pursuant to 28 U.S.C. § 1983 because it failed to state a claim upon which relief could be granted. On August 20, Mr. Hardman filed a Rule 59(e) motion for reconsideration reasserting the same facts and arguments he presented in his amended complaint.[1] On October 13, he filed a motion for the court to accept his untimely notice of appeal, a motion for leave to appeal in forma pauperis, and a petition for certificate of appealability. \

The court must first address its jurisdiction to decide the Rule 59(e) motion. Typically, "a notice of appeal divests the district court of its control over those aspects of the case involved in the appeal." May v. Sheahan, 226 F.3d 876, 879 (7th Cir. 2000) (citation omitted). But when a party files a notice of appeal

---

[1] While Mr. Hardman hasn't labeled his motion as a Rule 59(e) motion, the court construes it as a Rule 59(e) motion because he filed it within 28 days of entry of the judgment and asks the court to reconsider its August 10 order dismissing his amended complaint. Fed. R. Civ. P. 59(e); Banks v. Chicago Bd. of Educ., 750 F.3d 663, 666 (7th Cir. 2014).

before the court could rule on the Rule 59(e) motion, the notice of appeal doesn't divest the district court of jurisdiction to rule on the motion. Fed. R. App. P. 4(a)(4)(B)(i). In other words, the notice of appeal is effectively suspended until the district court issues its ruling on the Rule 59(e) motion. *Id.*

In the August 20 order, the court determined that Mr. Hardman's Eighth Amendment right to be free from cruel and unusual punishment hadn't been violated when prison officials restricted his access to indoor and outdoor recreation. The court further held that Mr. Hardman's allegations that restricted access to recreation violated prison policy couldn't be remedied in federal court because they entailed state law violations:

> The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008). However, "the Constitution does not mandate comfortable prisons," and conditions that may seem "restrictive" or "even harsh" are "part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347-349 (1981). While the nature of the restrictions imposed upon Mr. Hardman aren't entirely clear, he doesn't seem to allege that he was deprived of all physical activity. A total lack of exercise would state a claim when "movement is denied and muscles are allowed to atrophy," French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985), but the denial of "desirable, entertaining diversions . . . [do] not raise a constitutional issue," Harris v. Fleming, 839 F.2d 1232, 1236 (7th Cir. 1988).
>
>> Recreation and the ability to obtain physical exercise have been properly recognized as important human needs. See, *e.g., Davenport v. DeRobertis,* 844 F.2d 1310, 1315–16 (7th Cir.1988). However, there is no constitutional right to a specific form of recreation. Rather, only the objective harm that *can* result from a significant deprivation of movement implicates the Eighth Amendment. *French v. Owens,* 777 F.2d 1250, 1255 (7th Cir.1985) (the Eighth Amendment is implicated where a denial of exercise causes the

2

> muscles to atrophy and threatens the health of the individual).
>
> Douglas v. DeBruyn, 936 F. Supp. 572, 578 (S.D. Ind. 1996). So an allegation that Mr. Hardman was denied access to recreation time does not state a claim on which relief can be granted. That the restrictions placed on Mr. Hardman violated the prison's policy does not state a claim on which relief can be granted in federal court. Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.").

Therefore, Mr. Hardman couldn't proceed on his alleged Eighth Amendment claim.

Mr. Hardman's amended complaint also asserted an equal protection claim: he believed he should have been "equally protected against any cruel and unusual punishment that all other offenders [were not] being subject[ed] to" and the "punishment he received while housed in the restrictive housing unit wasn't the treatment that other offenders were forced to survive under." The court analyzed Mr. Hardman's claim utilizing a rational basis review because he didn't indicate that the defendants targeted him due to his membership in a suspect class.

Mr. Hardman alleged that he was placed in the restrictive housing unit at the direction of prison officials and was told that his phone, Jpay account, and recreation privileges were being restricted for "unknown reasons." As the dismissal order explained, while Mr. Hardman claimed these actions were taken for "unknown reasons," the facts indicated he was the subject of an internal prison investigation, so there was a rational basis for limiting his access to his phone, Jpay account, and recreation, and classifying him differently than other

3

inmates in the restrictive housing unit. Therefore, the court held that he could not proceed on his doomed Equal Protection claim.

"A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." Matter of Prince, 85 F.3d 314, 324 (7th Cir. 1996). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). "A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004).

Mr. Hardman's motion for reconsideration essentially reasserts the same facts and arguments he presented in his amended complaint. The motion to reconsider rehashes old arguments rather than try to correct a patent misunderstanding or a manifest error of law or fact. Mr. Hardman hasn't provided any basis for the court to overturn the judgment in this case. For

reasons fully explained in the court's dismissal order and this order, this case was properly dismissed. As a consequence, there are no new facts or arguments in this motion that warrant disturbing the judgment. The motion for reconsideration (ECF 12) will be denied.

Because Mr. Hardman filed a timely Rule 59(e) motion, his notice of appeal didn't become effective until now that this court has ruled on the motion. Fed. R. App. P. 4(a)(4)(B)(i) (the filing of a timely Rule 59(e) motion tolls the period of time to file a notice of appeal, and a notice filed before a ruling of such motion does not become effective until the court rules on it). Mr. Hardman's motion to accept his untimely notice of appeal (ECF 13) will be denied as moot and his notice of appeal (ECF 13-1) is now effective as of the date of this order.

Mr. Hardman also seeks leave to proceed in forma pauperis on appeal. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). This appeal isn't taken in good faith for the reasons stated in the court's dismissal order and this order denying Mr. Hardman's motion for reconsideration. The motion for leave to appeal in forma pauperis (ECF 14) will be denied.

Mr. Hardman further requests a certificate of appealability. Because this is a civil rights case, the petition for a certificate of appealability (ECF 15) isn't necessary and will be denied. Moore v. Pemberton, 110 F.3d 22, 24 (7th Cir. 1997).

For these reasons, the court:

(1) DENIES Jerry D. Hardman's motion for reconsideration (ECF 12);

(2) DENIES AS MOOT Mr. Hardman's motion for the court to accept his untimely notice of appeal (ECF 13);

(3) DEEMS Mr. Hardman's notice of appeal as being effective as of the date of this order (ECF 13-1);

(4) DENIES Mr. Hardman's motion for leave to appeal in forma pauperis (ECF 14); and

(5) DENIES Mr. Hardman's petition for a certificate of appealability (ECF 15).

SO ORDERED on October 20, 2020

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT